[Civ. No. 52053. Second Dist., Div. Four. Aug. 24, 1978.]

CITIZENS SAVINGS AND LOAN ASSOCIATION,
Plaintiff and Respondent, v.
ELIAS KHOURY, Defendant and Appellant.

**Counsel**

Lucille J. Boston for Defendant and Appellant.

Swerdlow, Glikbarg & Shimer, Irving A. Shimer and Sheldon E. Miller for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Defendant appeals from a judgment ordering specific performance of an agreement to sell real property. We modify the judgment and affirm it as modified.

Defendant is the owner of a tract of land in Ventura County, on part of which his home is located. The property is subject to a deed of trust in favor of Dennis and Shirley Johnson. On July 10, 1975, he agreed to sell a portion of that property to plaintiff, who intended to construct thereon a branch office. Under the terms of that agreement, defendant agreed to secure the necessary approval for a "lot split" dividing the part used as his home from the part to be conveyed to plaintiff. Plaintiff agreed to secure the environmental reports and administrative permits necessary for it to construct and occupy a branch office on the land to be purchased by it. The parties executed a deposit receipt and escrow instructions designed to carry out their bargain.

After the escrow was opened, defendant discovered that it would take much longer, and involve greater expense than he had anticipated to enable him to carry out his agreement. The Johnsons were necessary parties to an application for the lot split and they had to agree to release the land to be sold from the lien of their trust deed. This would take several months and the Johnsons were not being cooperative.

On September 12, 1975, defendant wrote to the escrow company, canceling the escrow; plaintiff refused to consent to the cancellation and the present lawsuit followed.

### I

■ Admittedly, neither plaintiff nor defendant have performed the acts required of them by the purchase agreement. Defendant contends that he was not required to proceed with the lot split until after plaintiff had secured the permissions that it was to procure; plaintiff contends that

it was not required to proceed with its part until the lot split was obtained and defendant was in position to convey the property. Defendant also contends that the agreement was unfair and that the purchase price ($35,000) was inadequate. On the record before us, those contentions are untenable.

The case was tried by the court without a jury; the parties stipulated that no reporter was necessary. As a result, we have only the judgment roll, defendant's response to a request for admissions, and the documentary exhibits. The latter items, even if available to us on a judgment roll appeal, cast no light on the issues that defendant desires to raise here. It follows that we are bound by the trial court's findings of fact, which answer completely all of the contentions here made. The pertinent findings are as follows:

"3.   At all times herein relevant, Defendant Elias Khoury was and is the owner of a parcel of real property located at the northeast corner of the intersection of Los Angeles Avenue and Spring Street in the community of Moorpark, County of Ventura, State of California, described as:

"Parcel 1 of that certain Parcel Map recorded April 2, 1976 in Book 20, Page 56 of Parcel Maps in the office of the County Recorder of Ventura County, State of California.

"The said parcel of real property is referred to hereinafter as 'the larger parcel.'

"4.   On or about July 10, 1975 at Los Angeles, California, Plaintiff Citizens Savings and Loan Association and Defendant Elias Khoury entered into a written agreement, denoted Deposit Receipt, wherein and whereby Defendant Elias Khoury agreed to sell and Citizens Savings and Loan Association agreed to buy a portion of the larger parcel, which portion is located at the northeast corner of the intersection of Los Angeles Avenue and Spring Street, community of Moorpark, County of Ventura, being a parcel 110 feet in length on the east and west and 182 feet in length on the north and south, as measured from the said corner. Said property is a portion of the larger parcel herein described and is hereafter referred to as 'the subject real property.'

"5.   Plaintiff's Exhibit 1 in evidence is a true and complete copy of the said Deposit Receipt.

"6. On or about July 15, 1975, Plaintiff Citizens Savings and Loan Association and Defendant Elias Khoury executed written escrow instructions being TransCalifornia Escrow Co., Escrow No. 1-1678.

"7. Plaintiff's Exhibit 2 in evidence is a true and complete copy of said escrow instructions.

"8. On or about July 15, 1976, Plaintiff Citizens Savings and Loan Association deposited in escrow the sum of $3,500 as called for by the escrow instructions.

"9. Defendant Elias Khoury agreed, in both the Deposit Receipt and the escrow instructions, to obtain a lot split of the subject real property from the larger parcel of which it is a part, *i.e.,* approval from the County of Ventura of division of the larger parcel into two parcels: 1) the subject real property; and 2) the balance of the larger parcel, so that the subject real property could be conveyed and transferred.

"10. At all times herein relevant, Defendant Elias Khoury has failed and refused to make application for said lot split or to obtain or seek to obtain the said lot split.

"11. The application for the said lot split must be made prior to the time it can be determined whether an environmental impact report will be required and prior to the time that any other permit for the construction of a free standing savings and loan building on the subject real property can be applied for by Plaintiff.

"12. At all times herein relevant, Defendant Elias Khoury has failed and refused to execute and deposit in escrow a grant deed conveying the subject real property to Citizens Savings and Loan Association on the conditions set forth in said escrow instructions.

"13. From and after September 12, 1975, Defendant Elias Khoury has failed and refused to perform any obligation to be performed on his part under the said Deposit Receipt or escrow instructions.

"14. Plaintiff Citizens Savings and Loan Association has offered to pay one-half of the cost of obtaining the said lot split.

"15. At all times herein relevant, Plaintiff Citizens Savings and Loan Association has been ready, willing and able to perform its obligations

under the said Deposit Receipt and escrow instructions, and continues to be ready, willing and able to do so.

"16. In or about July, 1975, the subject real property had a fair market value of $32,000 to $35,000.

"17. There were no misrepresentations or unfair practices perpetrated on Defendant Elias Khoury in order to obtain his assent to the agreement evidenced by the Deposit Receipt and escrow instructions, nor were any matters concerning the substance of the agreement concealed from him.

"18. Defendant Elias Khoury executed the Deposit Receipt and escrow instructions with an understanding of all of the matters contained therein concerning the rights and obligations of the parties thereto, including his obligation to obtain a lot split of the subject real property from the balance of the larger parcel." Since those findings amply support the judgment of specific performance, that part of the judgment must be affirmed.

## II

■ The trial court, on a motion to tax costs, included $12,000 as attorney fees to plaintiff.[1] Defendant contends that that was improper. We agree. Plaintiff relies on the provisions of section 1717 of the Civil Code, which reads as follows:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

---

[1] The cost award of $13,503.57, included $1,503.57 for normal litigation costs; the inclusion of that amount is not here questioned.

The only contractual provisions to which we are cited are: (1) a single line in the deposit receipt, reading: "Should it become necessary for *Broker* to retain an attorney to enforce *his* rights hereunder, *he* shall be entitled to reasonable attorney's fees and costs." (Italics added); and (2) a provision in the escrow instructions, directed to the escrow holder, whereby both parties promised the escrow holder to hold it harmless from, and to reimburse it for, "all litigation and interpleader costs, damages, judgments, attorney's fees, expenses, obligations and liabilities of every kind" that the escrow holder might incur in performing its duties under the escrow instructions.

Neither provision supports an award of attorney's fees to plaintiff. Nothing in the receipt shows that there ever was any "broker" involved; if there was, the broker is not a party to this action, either as a plaintiff or defendant. The escrow holder was a corporation other than the plaintiff and, as with the hypothetical "broker" it was not a party to this action in any capacity. The reciprocity provided for by section 1717 operates only in litigation to which the "broker" (if any) or the escrow holder was a party.

The judgment is modified by reducing the costs allowed to plaintiff to the sum of $1,503.57; as so modified, it is affirmed.

Files, P. J., and Jefferson (Bernard), J., concurred.